UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Carla Cracchiolo,<br>Individually, and As Administratrix<br>of the Estate of<br>Giuseppe Cracchiolo,<br>　　　　　Plaintiff<br><br>vs.<br><br>O'Hara Corporation,<br>　　　　　Defendant<br>And<br><br>Eastern Fisheries, Inc.,<br>　　　　　Defendant | CIVIL ACTION NO. |

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Now comes the plaintiff, Carla Cracchiolo, as Administratrix of the estate of Giuseppe Cracchiolo, in the above-entitled action and says:

### THE PARTIES

1. The plaintiff is a resident of the City of Gloucester, County of Essex, Commonwealth of Massachusetts;
2. The defendant, O'Hara Corporation(hereinafter "O'Hara")., is a Maine corporation, with a principal place of business at 120 Tillson Avenue, Suite 1, Rockland, ME;
3. The defendant, Eastern Fisheries, Inc.,(hereinafter, "EFI"), is a Massachusetts corporation, with a principal place of business at 22 Antonio Costa Avenue, New Bedford, MA.

### JURISDICTION

4. With respect to defendant, O'Hara, this Honorable Court has subject matter jurisdiction pursuant to 46 U.S.C. 688., as well as under the General Maritime Law of the United States.
5. Subject matter jurisdiction over EFI arises out of the General Maritime Law of the United States.

6. This Court also has subject matter jurisdiction over any state based claims, based upon its supplemental jurisdiction over pendant State law claims.

7. This Honorable Court has personal jurisdiction over all of the parties involved in this action, including, O'Hara, which regularly conducts business within the Commonwealth of Massachusetts.

### COUNT I: Negligence under the Jones Act: O'Hara

8. At all times relevant hereto, including on January 28, 2011, the defendant, O'Hara, owned, operated, controlled, and managed a fishing vessel, known as the F/V Sunlight.

9. On or about January 28, 2011, the plaintiff's decedent, Giuseppe Cracchiolo, was an employee of the defendant, O'Hara, as a seaman, on board the F/V Sunlight.

10. On or about January 28, 2011, while the said F/V Sunlight was in navigable waters, the plaintiff's decedent was in the exercise of due care in the performance of his duties, he was killed.

11. The injuries sustained by the plaintiff's decedent were not caused by any fault on his part, but were caused by the fault of the defendant, O'Hara, its agents, servants, or employees, as follows:

    a. Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

    b. Failure to use due care to provide proper ingress and egress to a vessel, thereby rendering said vessel unseaworthy;

    c. Failure to use due care to make reasonable and periodic repair of said vessel, its equipment, and appurtenances;

    d. Failure to use due care to furnish the plaintiff/decedent with a reasonably safe place in which to perform his work;

    e. Failure and negligence of fellow employees;

    f. Failure and negligence in other respects that will be shown at trial.

12. As a result of the death of plaintiff's decedent, Giuseppe Cracchiolo, damages ensued, including loss of support; loss of nurture and guidance to the decedent's minor children; loss of services; as well as pre-death pain and suffering experienced by the decedent.

WHEREFORE, the plaintiff demands judgment against the defendant, O'Hara, in the sum of Three Million Dollars, together with costs and interest.

### COUNT II: Unseaworthiness: O'Hara

13. The plaintiff restates and incorporates by reference paragraphs 1-12 of her Complaint, as if specifically set forth herein.
14. The death of the plaintiff's decedent was due to no fault of his own, but was caused by the unseaworthiness of the F/V Sunlight.
15. As a result of the death of plaintiff's decedent, damages ensued, including loss of support; loss of nurture and guidance to the decedent's minor children; loss of services; as well as pre-death pain and suffering experienced by the decedent.

WHEREFORE, the plaintiff demands judgment against the defendant, O'Hara, in the sum of Three Million Dollars, together with costs and interest.

### COUNT III: Wrongful Death pursuant to M.G.L. c. 229, Sec. 2: EFI

16. The plaintiff restates and incorporates by reference paragraphs 1-15 of her Complaint, as if specifically set forth herein.
17. At all times relevant hereto, the defendant, EFI, was the owner of and/or in control of a piece of real property located at 6 Hassey Street, New Bedford, MA (hereinafter the "premises").
18. At all times relevant hereto, the plaintiff's decedent was lawfully on the premises.
19. On or about January 28, 2011, the plaintiff's decedent fell from a pier located on the premises, and drowned in the adjacent body of water.
20. At all times relevant hereto, the defendant, EFI, had a duty to use reasonable care in the maintenance, repair, and upkeep of the premises.
21. The defendant, EFI, also had a duty to ensure that adequate ingress and egress to the premises were provided to the plaintiff's decedent.
22. The defendant, EFI, breached the aforementioned duties.
23. As a proximate cause of the defendant's breach of duty, the plaintiff's decedent was killed.

WHEREFORE, the plaintiff demands judgment against the defendant, EFI, for all damages permissible under M.G.L. c. 229, Sec. 2, the so-called "wrongful death" statute.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Plaintiff,
By her attorney,

JOSEPH M. ORLANDO, ESQ.
BBO #380215
BRIAN S. MCCORMICK, ESQ.
BBO #550533
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
(978) 283-8100

Date: 7/5/11